IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: DIET DRUGS (PHENTERMINE/<br>FENFLURAMINE/DEXFENFLURAMINE)<br>PRODUCTS LIABILITY LITIGATION | MDL NO. 1203 |
| THIS DOCUMENT RELATES TO:<br><br>CELESTE NAPOLI,<br><br>v.<br><br>PFIZER, INC., WYETH LLC, F/K/A/<br>AMERICAN HOME PRODUCTS<br>CORPORATION, AND STUART A.<br>BUSSEY, M.D. | CIVIL ACTION NO. 12-20001<br><br>2:11 MD 1203 |

**MEMORANDUM IN SUPPORT OF SEPARATE PRETRIAL ORDER NO. 8901**

Bartle, J.                                                June 28, 2012

Before the court is the motion of plaintiff Celeste Napoli ("Ms. Napoli") to remand her complaint against defendants Pfizer, Inc., Wyeth LLC,[1] and Stuart A. Bussey, M.D. ("Dr. Bussey") to the Superior Court of the State of California, County of Los Angeles on the ground that complete diversity of citizenship is lacking. See 28 U.S.C. § 1332. Plaintiff alleges damages suffered from ingesting the diet drugs known as phen-fen which were manufactured by Wyeth and prescribed by Dr. Bussey.

---

1. Prior to March 11, 2002, Wyeth was known as American Home Products Corporation ("AHP"). Wyeth LCC is a limited liability company organized under Delaware law. Its sole member is Pfizer, Inc. which is incorporated in Delaware and has its principal place of business in New York.

Plaintiff is a citizen of California. Pfizer and Wyeth are of diverse citizenship from plaintiff while Dr. Bussey, also a citizen of California, is not. Plaintiff asserts claims for: (1) negligence; (2) negligence per se; (3) strict liability; (4) breach of warranties; (5) deceit by concealment; (6) negligent misrepresentation; (7) medical negligence; and (8) violations of California's Business and Professions Code. No federal claim for relief is alleged.

Ms. Napoli originally filed her complaint in the Superior Court of the State of California, County of Marin, on June 14, 2011. On August 24, 2011, the case was transferred to the Superior Court of the State of California, County of Los Angeles to be coordinated with Judicial Council Coordination Proceeding No. 4032. Wyeth subsequently removed the action to the United States District Court for the Cental District of California on the ground that plaintiff fraudulently joined Dr. Bussey and that his citizenship should be disregarded for the purpose of determining diversity jurisdiction. The action was then transferred to this court as part of MDL 1203. The plaintiff countered with the pending motion to remand.

Under the removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court." 28 U.S.C. § 1441(a). District courts have original jurisdiction over all civil actions between citizens of different states if the amount in controversy

exceeds $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332(a). Complete diversity, however, is required. See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996). If an action originally filed in a state court could have been brought in federal court pursuant to diversity jurisdiction, the defendants generally may remove it to federal court if the procedural requirements for removal are met and removal is not barred by the forum defendant rule. 28 U.S.C. §§ 1441(a) & (b); see also id. at § 1446. If a federal court subsequently determines that it does not have subject matter jurisdiction over a removed action or the proper removal procedures were not followed, it must remand the action to the state court. See 28 U.S.C. § 1447(c); Balazik v. Cnty. of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995).

As an MDL court sitting within the Third Circuit, we must apply our Court of Appeals' fraudulent joinder standard. See In re Korean Airlines Disaster, 829 F.2d 1171, 1174 (D.C. Cir. 1987); In re Ikon Office Solutions, Inc., Sec. Litig., 86 F. Supp. 2d 481, 485 (E.D. Pa. 2000). We must decide whether there is a "reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." In re Briscoe, 448 F.3d 201, 216 (3d Cir. 2006) (quoting Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 32 (3d Cir. 1985)); In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Prods. Liab. Litig., 220 F. Supp. 2d 414, 421-22 (E.D. Pa. 2002).

Wyeth bears a heavy burden in seeking to have the court ignore the citizenship of the non-diverse defendant, Dr. Bussey, on the ground that he was fraudulently joined. See Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990). In determining whether Wyeth has met its burden, we must "resolve all contested issues of substantive fact in favor of the plaintiff." Id. We are also cognizant of the fact that the removal statute must be construed narrowly, and "all doubts should be resolved in favor of remand." Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987) (citation omitted).

In support of removal jurisdiction, Wyeth foregoes any argument that plaintiff's claim against Dr. Bussey has no reasonable basis in fact or has no colorable ground to support it. Instead, Wyeth contends that plaintiff has no intention to pursue her claim against Dr. Bussey and that he was "a temporary expedient" joined for the "sole purpose of defeating removal." Wyeth relies on an affidavit submitted by counsel for Dr. Bussey, Regina C. Kim, Esquire. In that affidavit, Kim recounts a series of conversations she had with James D. Sill, Esquire, counsel for Ms. Napoli, in August and September, 2011. According to Kim, Sill stated that he did "not want an adversarial relationship." Rather, Sill told Kim that he included Dr. Bussey in the suit only "as a strategic move to have the matter filed for over a year, as it affects removal issue," and that he would keep Dr. Bussey in the case "until plaintiff has received all the medical

records" to "see what Dr. Bussey's recollection is of the plaintiff." Kim declares that Sill stated it was "95%" certain or "most likely" that he would drop Dr. Bussey from the lawsuit after a year. Furthermore, Sill purportedly proposed to Kim a stipulation whereby Kim would agree to delay filing a motion for summary judgment on statute of limitations grounds until the time for removal had passed.

Wyeth also submits several contemporaneous emails written by Kim to two other attorneys in her firm and a memorandum in which Kim again restates the substance of these conversations. Finally, in an email, dated November 1, 2011, Kim wrote to counsel for Wyeth and again restated the substance of her conversation with Sill.

In response, Sill has submitted an affidavit in which he attests:

> As lead counsel for Ms. Napoli, and after discussion with Ms. Napoli, and evaluation of pertinent medical records during the past 90 days, I can advise the court that Plaintiff will at no time dismiss suit against Dr. Bussey, except in the event of a settlement which requires dismissal of such defendant. It is our firm intention to keep Dr. Bussey as a defendant in the lawsuit until the case is submitted to a jury and, thereafter, if verdict is obtained, we intend to enforce the judgment against Dr. Bussey.

A plaintiff's subjective motive for suing a non-diverse defendant, even if that motive is a desire to defeat removal, is simply not relevant to the fraudulent joinder inquiry. See, e.g., Abels, 770 F.2d at 32; Mt. Olive Tabernacle Church v.

Emerson Elec. Co., No. 96-8629, 1997 U.S. Dist. LEXIS 2053, at *10-11 (E.D. Pa. Feb. 26, 1997); Moorco Int'l v. Elsag Bailey Process Automation, 881 F. Supp. 1000, 1006 (E.D. Pa. 1995). Instead, our Court of Appeals follows an objective test which looks to whether a plaintiff has failed to state a claim upon which relief can be granted or simply failed to prosecute the claim against the non-diverse defendant. Boyer, 913 F.2d at 111; see also 16 James Wm. Moore et al., Moore's Federal Practice ¶ 107.14[2][c][iv][A] (3d ed. 1999).

Wyeth, we reiterate, does not assert that plaintiff has failed to state a claim upon which relief may be granted. Moreover, Ms. Napoli has served Dr. Bussey with the complaint, noticed Dr. Bussey's deposition, and the parties have engaged in other discovery. When construing all the relevant facts in favor of Ms. Napoli, we cannot say that she has failed to pursue or has abandoned her claim against Dr. Bussey. See Steel Valley Auth., 809 F.2d at 1010.

Even assuming that a plaintiff's subjective intent was relevant to the fraudulent joinder inquiry, we disagree with Wyeth that the affidavit, emails, and memorandum from Kim "conclusively" establish that Ms. Napoli had no intention to pursue her claim against Dr. Bussey. A person's statements that he or she is "95%" or "likely" to act in a certain way does not establish anything conclusively. The affidavit, emails, and memorandum merely demonstrate that Sill at the time had not made a final decision whether to pursue a claim against Dr. Bussey.

The cases cited by Wyeth are inapposite. For example, in Harris v. Bankers Life & Casualty Co., the Ninth Circuit affirmed a finding of fraudulent joinder where the plaintiff did not serve the fraudulently joined defendant with the complaint and did not respond to a request that he confirm he no longer intended to pursue service of the fraudulently joined defendant. 425 F.3d 689, 691-92 (9th Cir. 2005). Plaintiff later determined the fraudulently joined defendant had died more than 19 years prior. Id. at 692.

In Lewis v. Time Inc., the court denied a motion to remand on the basis of fraudulent joinder. 83 F.R.D. 455, 465-66 (C.D. Cal. 1979). However, the court did so because the plaintiff had failed to state a claim upon which relief can be granted against the non-diverse defendant. Id. at 465. The court specifically noted that "if plaintiff can demonstrate at any time prior to trial that a bona fide claim has been stated against [the non-diverse defendant], or that facts exist which raise a real possibility of liability, [it] will then entertain a motion to remand." Id. at 466. It did not rely on the plaintiff's subjective intent in joining the non-diverse defendant. Id.

Based on the foregoing, we will grant the motion of Ms. Napoli to remand this action to the Superior Court of California, County of Los Angeles.